# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KIMBERLY ROBERTS SPENCER, Plaintiff, v. CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant. | No. ED CV 13-00069-VBK<br>MEMORANDUM OPINION AND ORDER<br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issue:

1. Whether the Administrative Law Judge ("ALJ") properly

considered Plaintiff's subjective symptom testimony.

(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ'S CREDIBILITY FINDING DOES NOT PERMIT JUDICIAL REVIEW, AND THE MATTER MUST BE REMANDED**

Plaintiff raises a single issue, which is whether the ALJ properly considered her subjective symptom testimony.

Plaintiff application for Supplemental Security Income ("SSI") was filed on October 19, 2009, alleging that she has been unable to work since September 1, 2009 due to arthritis. (AR 129-138, 145.) After being administratively denied, Plaintiff received a hearing before an ALJ (AR 23-36), which then led to an unfavorable Decision (AR 26-33), the basis for this litigation after the Appeals Council denied review. (AR 17, 1-6.)

The hearing before the ALJ, which occurred on April 8, 2011, lasted 24 minutes, an assertion made by Plaintiff (JS at 11) and which the Commissioner does not dispute. The significance of this short hearing is important, because the ALJ's observations of Plaintiff's physical demeanor at the hearing was one of the two reasons cited in his Decision for depreciating her subjective symptom testimony. (See AR at 30.) The other cited reason, to quote from the Decision, was that,

> "The medical records reveal the claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. There were virtually no treatment notes for the claimant's back."

(Id.)

This secondary basis, which the Court will discuss, is further significant, because at the brief hearing before the ALJ, no Medical Expert was called.

Both the law and the clear rules governing assessment of subjective symptom testimony are so established, that the Court wonders why such a case should come before it. In the absence of malingering (and none was demonstrated or found in this record), it is up to the ALJ to set forth "clear and convincing reasons" to reject pain and limitation testimony. See Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). To permit judicial review, case precedent requires that the ALJ must "specifically identify what testimony is credible and what evidence undermines the claimant's complaints." Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). See also Dodrill v. Shalala, supra, 12 F.3d at 918, and Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). These authorities make it clear that the use of boilerplate language will never suffice. Moreover, the Court must turn to the four corners of the ALJ's Decision to determine whether it is supported by substantial evidence, and whether, in the case of a credibility analysis, it is supported by clear and convincing evidence. Most of the Commissioner's argument in the JS cites the Commissioner's opinion of the medical evidence in the record, but this

cannot be substituted for a Decision which adequately and clearly states the basis for its conclusions. Indeed, the Commissioner's own Rulings provide exactly this instruction. SSR 96-7p requires that a credibility finding "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight."

The ALJ's Decision is further undermined by the fact that his conclusions as to credibility rely upon his own opinion: both as to what treatment would be expected for an individual such as this Plaintiff, and second, his observations of Plaintiff's physical demeanor at the short hearing. Even according some specificity to the ALJ's determination that Plaintiff has not generally received the type of treatment one would expect, this is belied by the record. The Court need not reiterate the substantial references to the record set forth by Plaintiff in the JS at pp. 6, et seq. Suffice it to say that Plaintiff complained of back and joint pain as early as May 2009 (AR 186), and that physical examinations corroborate that she has objective limitations. For example, on November 30, 2009, Plaintiff was treated at University Pain Consultants, complaining of low back and right leg pain. (AR 206-207.) Physical examination indicated she had positive tenderness, positive facet loading, antalgic gait, and positive straight leg raising on the right side. (Id.) She received a diagnosis of thoracic or lumbosacral neuritis or radiculitis and osteoarthritis. (Id.) She received a prescription for Vicodin and an MRI of her lumbar spine was ordered. (AR 207.)

Other reports of objective treatment in the record are consistent with the above conclusions. Moreover, in addition to receiving pain

medications, Plaintiff has undergone a cortisone injection in her right knee (AR 361). The record indicates that she received continuous treatment for knee problems throughout 2010, with cortisone injections in both knees. (AR 331-359.) The next year, she received a syndisc one injection her left knee (AR 329). She reported that her pain is severe and it becomes worse when she stands, walks, or does other activities. (AR 383-387.) She received prescriptions for various drugs for her neuropathic pain. (AR 387.) In 2009, treating physician Dr. Leung noted that conservative modalities of treatment had failed and he recommended surgical consultation, which Plaintiff at that time declined. (AR 395.)

The above is not intended to be complete summary of the medical evidence in the record, but simply demonstrates that Plaintiff has received substantial and fairly continuous treatment over a period of several years for her pain complaints; has been medicated for this; and has been referred for surgical consultation. Thus, the Court has no way to glean what the ALJ meant with regard to a type of medical treatment that would be expected, but which Plaintiff has not received.

The other basis for the ALJ’s credibility determination is his observation that Plaintiff demonstrated an “apparent lack of discomfort during the hearing ...” While giving this “some slight weight,” because it is the only other stated basis for the credibility determination, it must be evaluated. Plaintiff characterizes this part of the ALJ’s Decision as “sit and squirm” jurisprudence, which has been noted by the Ninth Circuit for many years as an impermissible basis for credibility assessment. See Perminteer v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985). Even at that, the Commissioner depreciates

Plaintiff’s tearfulness at the hearing as being emotionally, rather than physically based. This may or may not be the case, but an ALJ must be wary of relying upon such observations, especially during a brief hearing, and even more so when the ultimate decision depreciating a claimant’s credibility is thinly based on overly generic statements concerning conservative treatment.

For the foregoing reasons, the Court finds that the ALJ’s credibility determination is not supported by a recitation of clear and convincing evidence, and the matter must be remanded for further hearing. At that hearing, the Court suggests that the ALJ may want to utilize a Medical Expert to analyze the existing medical records with regard to the sufficiency and extent of treatment for Plaintiff’s pain.

For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: November 22, 2013

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE